Field, J.
I concur with the majority of the court in the judgment to be given; but as I take a view of the subject entirely different from that of the other judges, I will in a few words state my own reasons. In construing the laws of Virginia to suppress unlawful gaming, the statute requires that they should be construed remedially, so as to advance the object and intention of the legislature. The act of the 26th March 1842 was intended by the legislature to apply to all cases of unlawful gaming, in which the attorney’s fee and fine together amounted to 40 dollars. It was not their intention to repeal any existing law, nor did they suppose that they were about to increase the penalty. Their idea was, that there would be an apportionment of the attorney’s fee in part for the benefit of the commonwealth ; that so far as the defendant was concerned, the amount to be paid by him being the same, the punishment by fine would be the same. But this *810 view cannot be sustained. Costs and charges of prosecution áre never regarded as a part of the penalty or punishment for the offence. ■ The law of costs may at any time be changed and modified. Costs may be increasec[ or diminished at the will and pleasure of the legislature, and applied to all prosecutions, whether they be for offences committed before or after the passage of the act. It was competent for the legislature, after the 26th of March 1842, to pass another law raising the attorney’s fee to 20 dollars, 30 dollars, or any other sum that they might deem reasonable and proper. If such law had been passed, how would the act of the 26th March 1842, as to the 30 dollars for the commonwealth, be then regarded ? Could it be then said that the penalty had not been increased ? Whatever may have been the understanding of the legislature upon this point, it is very clear to my mind, that when they took 10 dollars from the attorney’s fee and added it to the penalty, which was 20 dollars, they did thereby increase the penalty to 30 dollars. This law, therefore, so far as it was intended to apply to offences which had been committed before its passage, was void; and being void, it cannot have the effect of repealing by implication any previously existing law, with which it would have been in conflict if it had been a valid law. It is not in conflict with any law against unlawful gaming, as to offences theretofore committed, because it is void, and as a piece of blank paper. But as to offences committed after the passage of the act, it is in conflict with the old law, because it increases the penalty from 20 dollars to 30 dollars. From this view of the case it follows, that as to the offences of which the defendants have been convicted (both of which were committed before the 1st of March 1842), the old law was in force, and is yet in force, and judgments should be rendered against them for the fine of 20 dollars only, and costs. In the taxation of costs, *811 the attorney’s fee of 10 dollars only should be taxed. J . . . . The law of the 26lh March 1842, not being void in that respect, repeals the old law as to the attorney’s fee, by implication.
As to the objection taken by Wright to the process, I do not regard that as a matter about which error can be assigned in this record, though I am clearly of opinion that the proper process was a summons, and not a capias. Upon habeas corpus, I would have discharged the defendant. But as it was competent for the court in such a case, by express law, to have issued the summons returnable instantly, and to give judgment instantly against the defendant if he failed to plead, it was certainly unnecessary to go through the ridiculous absurdity of issuing process to bring a man before the court, who was then there in his proper person, not as a casual bystander, but as a party to the record. Being then present judicially as party upon the record, the court might have quashed the capias, and at the same time made an order in his presence requiring him to plead forthwith; and, if he failed to plead, might have entered judgment against him according to law.